FILED
United States Court of Appeals
Tenth Circuit

October 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID SILVER,

        Plaintiff-Appellant,

v.

BRUNO VASSEL, III; GORDON
PETERSON; CLINTON H. BULLOCK,

        Defendants-Appellees.

No. 13-2091
(D.C. No. 1:12-CV-00948-JAP-RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

David Silver appeals the district court's dismissal of his fraud, racketeering,

disparagement, and negligent infliction of emotional distress ("NIED") claims.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Silver is the founder and CEO of an investment group, Santa Fe Capital Group

("SFCG"), located in Santa Fe, New Mexico. In 2002, SFCG entered into an

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement with iboats, inc. ("iboats"), a Utah corporation, under which Silver would locate investors to provide startup capital to the company in exchange for preferred stock. Under the agreement, SFCG would then receive a percentage of the securities purchased by the investors that Silver introduced to iboats.

Silver found six investors to purchase preferred stock in iboats. According to him, although iboats grew exponentially, the company paid no dividends or interest on the preferred stock to those six investors, and violated numerous covenants to their investment agreements. In 2012, iboats' counsel, Clinton Bullock, contacted the preferred shareholders and made offers to buy or convert to common stock their preferred shares. After the investors informed Silver of the offers, he contacted iboats' CFO, Gordon Peterson, and demanded that iboats pay each of the six investors a specified return on their original investment. But iboats apparently did not do so.

Proceeding pro se, Silver then brought a diversity action in the District of New Mexico for fraud and racketeering based on alleged violations of the contract between SFCG and iboats. He also asserted claims of disparagement and NIED based on the fact that Bullock, Peterson, and CEO Bruno Vassel (hereinafter "Defendants") communicated with the investors without including him, thus allegedly damaging his reputation.

The Defendants moved to dismiss the complaint and the district court granted the motion. The court first dismissed Silver's fraud and racketeering charges for lack

of standing. The court reasoned that because those claims were based on the contract between SFCG and iboats, only SFCG had standing to sue to enforce the contract's terms. Nor could Silver bring a claim on SFCG's behalf because he was not a lawyer. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-202 (1993) (a business entity can only appear in court through an attorney and not a corporate officer appearing pro so). The court also held that even if Silver could bring his claim, dismissal was appropriate because the lawsuit did not name the real party in interest, iboats, as it was the company—and not the Defendants individually—with which SFCG contracted.

As to the disparagement and NIED claims, the district court concluded that it lacked personal jurisdiction over the Defendants because none of them had established minimum contacts with the District of New Mexico such that they should reasonably anticipate being haled into court there. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The court alternatively found that dismissal was appropriate for improper venue.

On appeal, Silver does not challenge the district court's conclusion about the dismissal of his disparagement and NIED claims, thus review of those claims is waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). Rather, Silver challenges the court's dismissal of his fraud and racketeering claims on two grounds. First, Silver alleges that despite his pro se status, the district court denied him any leniency and instead held him to the same standards as a practicing

attorney.[1] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). It is true that while discussing his pro se status, the court noted Silver's numerous federal cases and experience with federal litigation. But it only did so in finding that he had sufficient experience in federal court to recognize the obvious jurisdictional and procedural defects with his complaint—the same defects, it should be noted, for which all pro se litigants are held accountable. *See Hall v. Witteman*, 584 F.3d 859, 863-64 (10th Cir. 2009).

Second, Silver contends that by acting adversely to iboats' interests, the Defendants are liable in their individual capacity and are therefore the properly named parties in interest. *See Mosier v. Callister, Nebeker & McCullough*, 546 F.3d 1271, 1276 (10th Cir. 2008) (noting that under the "adverse interest exception," conduct by corporate officers acting in their own interest and adverse to the company will not be imputed to the company). However, Silver's only support for this contention is a conclusory statement that the Defendants caused the preferred stockholders to be "angry," and "[t]o anger one's earliest stockholders clearly hurts the corporation's interests." Aplt. Br. at 14. Moreover, Silver ignores entirely that the court also dismissed his claims because he lacked standing to bring them on his company's behalf. The district court did not err in dismissing Silver's claims.

---

[1] It is worth noting that Silver suggests in his brief that he is, in fact, a disbarred attorney. Aplt. Br. at 12.

Accordingly, the judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge